

A. G. FILE No. O-4767

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-4769

Re: Matter of encumbering Item
No. 584 of the current ap-
propriation for the Texas
Prison System with the pur-
chase of two rugs to be in-
stalled in the General Mana-
ger's residence at Hunts-
ville.

On August 13, 1942, you make the following inquiry:

"I have been asked by the State Board of
Control to encumber for the Texas Prison Sys-
tem the purchase of two rugs to be installed
in the General Manager's residence at Hunts-
ville, Texas. The appropriation against
which this request is to be encumbered will
be found as Item No. 584, Page 1226, Acts of
the Forty-Seventh Legislature.

"You will please advise whether or not
the Texas Prison System has authority to pur-
chase for the house occupied by the General
Manager the requested rugs."

Item No. 584 -- Maintenance and Miscellaneous --
referred to by you is as follows:

"584. General support and maintenance,
shop, factory, construction supplies and
materials, equipment, and also includes
transportation, recapture, contingent ex-
penses and liability and casualty insurance
premiums and surety bond premiums, $40,800.00"

Item 1 of the appropriation is:
"1. General Manager with house, water,
fuel and lights, $6,000.00".

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSI-

Article 6166-j, Revised Civil Statutes, Vernon's Codification, declares:

> * * * The Texas Prison Board shall employ a General Manager of the Prison System, who shall possess qualifications and training which suit him to manage the affairs of a modern penal institution, and it shall be his duty to carry out the policies of the Texas Prison Board. The Board shall manage and control the Prison System through the Manager selected by it. In addition to his salary, which shall not exceed Eight Thousand ($8000.00) dollars per annum, said Manager shall be furnished with a dwelling house by the State and all necessary traveling expenses when traveling on business for the Prison System." * * *

A consideration of the provisions quoted impels us to answer your question in the negative.

Item 1 of the appropriation above quoted makes it clear that the Legislature appropriated for the use of the General Manager a "house". Now, a house does not in common parlance nor in the connection here used, we think, include furnishings, such as rugs for the rooms. The Item 554, which is most general, as it affects the particular inquiry before us, must be construed in the light of Item 1.

Moreover, the statute (Article 6166-j) above quoted, is equally definite that the Legislature has authorized the use, and therefore the appropriation, of a "dwelling house" by the General Manager. "Dwelling house", as here used, does not include rugs for the dwelling house. The Appropriation Bill in the respects being discussed follows the statute, and does not attempt to enlarge upon it, and indeed it could not do so, for it is well settled that the Legislature may not in the General Appropriation Bill repeal, amend, enlarge or modify a statute.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED AUG 25, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN